# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-0287V
UNPUBLISHED

| | |
|---|---|
| TAYLORE WILSON,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Parisa Tabbassian, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 7, 2021, Taylore Wilson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). In her petition and an amended petition filed on March 11, 2022, Petitioner alleges that she suffered a right shoulder related to vaccine administration ("SIRVA"), a defined Table injury, after receiving the tetanus, diphtheria, acellular pertussis vaccine on October 8, 2019. Petition at ¶¶ 1, 4; Amended Petition at ¶¶ 1, 7.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 22, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On March 31, 2023, Respondent filed a proffer on award

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of compensation ("Proffer") indicating Petitioner should be awarded $51,070.58, representing compensation in the amounts of $50,000.00 for her pain and suffering and $1,070.58 for her past unreimburseable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $51,070.58, representing compensation in the amounts of $50,000.00 for her pain and suffering and $1,070.58 for her actual unreimburseable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

### THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TAYLORE WILSON, | |
| Petitioner, | |
| v. | No. 21-0287V |
| | Chief Special Master Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 7, 2021, Taylore Wilson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34.  Petitioner alleges that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination in her right deltoid on October 8, 2019, at thirty-seven years of age, and thereafter suffered from a shoulder injury related to vaccine administration ("SIRVA").  *See* Petition at 1.  On March 21, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for SIRVA, and on the same date, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 25; ECF No. 26.

### I.      Items of Compensation

#### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $50,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,070.58.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.    <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $51,070.58, in the form of a check payable to petitioner.

## III.    <u>Summary of Recommended Payments Following Judgment</u>

Lump sum payable to petitioner, Taylore Wilson:          **$51,070.58**

                    Respectfully submitted,

                    BRIAN M. BOYNTON
                    Principal Deputy Assistant Attorney General

                    C. SALVATORE D'ALESSIO
                    Director
                    Torts Branch, Civil Division

                    HEATHER L. PEARLMAN
                    Deputy Director
                    Torts Branch, Civil Division

                    TRACI R. PATTON
                    Assistant Director
                    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

/s/ PARISA TABASSIAN
PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4035
parisa.tabassian@usdoj.gov

DATED: March 31, 2023